## UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>Senior District Judge<br>_____<br><br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

<u>NOT FOR PUBLICATION</u>

<u>LETTER OPINION</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

January 16, 2008

**Appearances:**

Kevin D. Solonsky, Esq.
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-9612

Laurence M. Geller
45 Central Avenue
Demarest, NJ 07627

Re:     <u>SEC v. Geller</u> - 07-1567
        Application of the Securities and Exchange Commission Under Section 21(e)(1) of the
        Exchange Act for an Order Directing Compliance with an SEC Order

Dear Litigants:

The Securities and Exchange Commission (the "SEC") applies to the Court under Section 21(e)(1) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(e)(1), for an order directing <u>pro</u> <u>se</u> Respondent Laurence M. Geller to comply with a final SEC Order entered against him on April 4, 2004 (the "SEC Order"). The SEC's application is

granted, although the Court declines to assess prejudgment interest from the date of the SEC Order, deciding instead that interest will be assessed from the date of this Order to the date of payment in full by Respondent.

## FACTS AND PROCEDURAL BACKGROUND

On February 20, 1998, the Department of Enforcement of the National Association of Securities Dealers (the "NASD") filed a Complaint against Respondent Laurence M. Geller for misconduct as a registered representative of Wien Securities Corp. Dep't of Enforcement v. VTR Capital, Inc., NASD Disciplinary Proceeding No. CAF980005, 1999 WL 33261824 (Aug. 18, 1999). On August 18, 1999, an Extended Hearing Panel of the NASD ruled that Respondent had violated NASD Conduct Rules 2110 and 3110, Section 17(a) of the Exchange Act, and SEC Rule 17a-3, and he was fined $25,000.00, assessed $1,223.25 for costs, and suspended for 30 business days. Id. That decision of the Extended Hearing Panel was appealed to the National Adjudicatory Council of the NASD. Dep't of Enforcement v. Perles, Compl. No. CAF98005, 2000 WL 1256974 (Aug. 16, 2000). On August 16, 2000, it ruled that in addition to the other rules violations, Respondent had violated NASD Conduct Rule 2120. Id. at *13-14. The National Adjudicatory Council also imposed an additional sanction that Respondent requalify as a general securities representative. Id. at *16. Respondent appealed the NASD's ruling to the SEC. In re Perles, Exchange Act Release No. 45,691, Admin. Proceeding File No. 3-10288, 2002 WL 507029 (Apr. 4, 2002). The SEC sustained, in part, the NASD's findings of violation and sustained the sanctions that the NASD had imposed. Id.

The SEC now seeks an order from the Court directing Respondent's compliance with the SEC Order. The SEC claims that Respondent did not petition for federal appellate review of the SEC Order and that the time within which Respondent may petition for such review has expired. (SEC Br. (No. 1) 4-5; see Decl. of Zita Tepie ¶ 5.) The SEC asserts that "Geller has not paid any portion of the fine or costs he owes." (SEC Br. (No. 1) 5; see Decl. of Zita Tepie ¶ 6.)

On May 6, 2007, Respondent sent a letter to the SEC, carbon-copying the Court, "request[ing] that the SEC withdraw its application." (Letter (No. 3) 1.) According to Respondent, "the SEC's application . . . is based upon the incorrect and misleading affidavit of Zita Tepie of the NASD Fines Department." (Id.) Respondent states that he "ha[s] been out of the securities business on medical disability since the SEC order" and alleges that "[a]fter the SEC order [he] was expressly advised by Ms. Tepie on at least two occasions that [he] was not required to pay the fine imposed until [he] was cleared of [his] disability and sought to reenter the securities business." (Id.)

### STANDARD

Section 21(e) of the Exchange Act provides:

> Upon application of the Commission the district courts of the United States . . . shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder, [or] the rules of a national securities exchange or registered securities association of which such person is a member or person associated with a member . . . .

15 U.S.C. § 78u(e) (2002). As such, this provision empowers the SEC to apply to a district court for the enforcement of its orders that have sustained the decisions of the NASD. See SEC v. Mohn, 465 F.3d 647, 652 (6th Cir. 2006); SEC v. Vittor, 323 F.3d 930, 935 (11th Cir. 2003);

SEC v. McCarthy, 322 F.3d 650, 655, 659 (9th Cir. 2003); Lang v. French, 154 F.3d 217, 222 (5th Cir. 1998); SEC v. Pinchas, 421 F. Supp. 2d 781, 783 (S.D.N.Y. 2006).  Summary proceedings in district court are permitted under Section 21(e) to enforce SEC Orders, and they may be "'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even ex parte.'" McCarthy, 322 F.3d at 655 (quoting N.H. Fire. Ins. Co. v. Scanlon, 362 U.S. 404, 406-07 (1960)); SEC v. Vindman, No. 06CIV14233, 2007 WL 1074941, at *1 (S.D.N.Y. Apr. 5, 2007).  Fairness and due process requires that a district court afford a respondent the opportunity to be heard before ruling on a Section 21(e)(1) application.  McCarthy, 322 F.3d at 659-60; Vindman, 2007 WL 1074941 at *1.  A district court, however, is precluded from any reconsideration of the disciplinary action taken by the SEC and NASD.  Pinchas, 421 F. Supp. 2d at 783.

## DISCUSSION

The SEC seeks an Order against Respondent Laurence M. Geller that does the following:

(1) [C]ommands Geller to comply with the SEC order in its entirety and to pay the $26,223.25 in fines and costs assessed against him, plus prejudgment interest from the date of the SEC order (April 4, 2002) until the date of payment in full, (2) provides further necessary and appropriate relief to compel Geller to comply with the SEC order, and (3) maintains this Court's jurisdiction over this matter as necessary to assure compliance with this Court's Order.

(SEC Br. (No. 1) 7.)  In his May 6, 2007 letter, Respondent does not provide any arguments to support the withdrawal of the SEC's application other than his alleged conversations with NASD Disciplinary Fines Coordinator Zita Tepie.  (See Letter (No. 3).)  These alleged conversations do not directly address this summary proceeding, but rather present excuses for his failure to comply with the SEC Order until now.

The Court finds that Respondent had an opportunity to present his case in his May 6, 2007 letter. The Court further finds that Respondent has failed to provide the Court with any basis to deny the SEC's application. Therefore, the Court orders Respondent to comply with the SEC Order in its entirety and to pay the $26,223.25 in fines and costs assessed against him. However, the Court finds that Respondent has presented sufficient evidence to question what he was told by NASD Disciplinary Fines Coordinator Tepie. Consequently, the Court will not assess prejudgment interest from the date of the SEC Order, but, instead, will assess interest from the date of this Order until the date of payment in full.

## CONCLUSION

It is on this 16th day of January, 2008,

**ORDERED** that Respondent Laurence M. Geller is to comply with the April 4, 2002 SEC Order in its entirety and to pay the $26,223.25 in fines and costs assessed against him;

It is further **ORDERED** that Respondent is to pay interest on this $26,223.25 payment from the date of this Order to the date of payment in full;

It is further **ORDERED** that the Court maintains jurisdiction over this matter as necessary to assure compliance with this Order.

**s/William H. Walls**
United States Senior District Judge
